**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


RALPH C. MORRIS, JR.,         :
                              :
          Petitioner,         :   Civil No. 08-3615 (JBS)
                              :
     v.                       :   OPINION
                              :
STATE OF NEW JERSEY,          :
                              :
          Respondent.         :
```

**APPEARANCES**:

Petitioner <u>pro</u> <u>se</u>
Ralph C. Morris, Jr.
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**SIMANDLE**, District Judge

This matter is before the Court upon submission of a Letter request, docketed as a Petition [1], from Ralph C. Morris, Jr., ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, requesting a "stay" so that he can file a motion for illegal sentence in state court. No Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 preceded or accompanied Petitioner's Letter.

Petitioner has neither prepaid the filing fee nor submitted an application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

## I.  ANALYSIS

Petitioner alleges that he pled guilty to a charge of burglary and was sentenced to an extended term of life imprisonment plus twenty-five years.  Petitioner alleges that, at his sentencing, the State "reneged" on a plea agreement in an earlier matter, which stated that the State "will not utilize this conviction with respect to the aforementioned pending charge," that is, with respect to the robbery charge pursuant to which Petitioner is presently incarcerated.  He seeks a "stay" in order to pursue this claim in state court prior to filing a federal habeas petition.

This Court has jurisdiction only over actual cases or controversies, U.S. Const. art. III § 2; Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976), and may not render advisory opinions, Presier v. Newkirk, 422 U.S. 395, 401 (1975).

Once Petitioner files a Petition, any arguments he might make concerning timeliness and exhaustion will be ripe for review, and this Court will have jurisdiction to entertain and rule on them.  Until that time, however, this Court has no jurisdiction to grant Petitioner's Letter request, for it presents no case or controversy, and seeks instead merely an advisory opinion.  See, e.g., United States v. Leon, 203 F.3d 162, 162-64 (2d Cir. 2000) (collecting cases) (holding that

federal courts lack jurisdiction to consider the timeliness of a motion to vacate sentence under 28 U.S.C. § 2255 until such motion is actually filed); United States v. Cook, 795 F.2d 987, 994 (Fed.Cir. 1986) (holding, in action arising under Fair Labor Standards Act, 29 U.S.C. §§ 201-219, that district court was without authority to toll statute of limitations as to claims that might be asserted in the future by claimants not a party to the action before the district court).

    Nor can this Court construe the Letter Request and supporting documents as a Petition for writ of habeas corpus under 28 U.S.C. § 2254, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (courts must construe pro se filings liberally), as Petitioner does not describe in the Letter or documents submitted therewith the claims he proposes to assert in a future federal habeas petition.  Cf. Green v. United States, 2001 WL 848956 at *3 (2d Cir. July 27, 2001) (holding that where a motion for extension of time to file a 28 U.S.C. § 2255 petition contains allegations supporting a claim for relief it should be construed as a § 2255 petition, but where the motion lacks sufficient allegations the court is without jurisdiction to consider the motion); Anderson v. Pennsylvania Attorney General, 82 Fed.Appx. 745 (3d Cir. 2003) (same).  See also Rule 2, Rules Governing § 2254 Cases in United States District Courts (requiring a habeas petition to specify all the grounds for relief available to the

petitioner, state the facts supporting each ground, and state the relief requested); Fed.R.Civ.P. Rule 8(a) (requiring a complaint to contain "a short and plaint statement of the claim showing that the pleader is entitled to relief").  To the contrary, the Letter alleges no federal constitutional violation nor does it allege any facts supporting Petitioner's claim of a plea agreement violation, other than attaching a copy of the plea agreement.

To the extent the Letter could be construed as a petition asserting a claim for deprivation of liberty without due process, in violation of the Fourteenth Amendment, based upon the State's alleged violation of the plea agreement, see, e.g., Santobello v. New York, 404 U.S. 257 (1971); Dunn v. Colleran, 247 F.3d 450 (3d Cir. 2001), Petitioner has nevertheless failed to establish any right to a stay.

The allegations are insufficient to state a claim for relief.  See Anderson, 82 Fed. Appx. at 749 (vague and conclusory grounds for habeas relief are subject to summary dismissal (citing United States v. Thomas, 221 F.3d 430, 438 (3d Cir. 2000)).  Petitioner alleges no facts suggesting any misconduct on the part of the prosecutor or other State representative.

In addition, a stay of a federal § 2254 habeas petition to allow for exhaustion of state remedies is appropriate only where a federal court is presented with a "mixed" petition, containing

4

both exhausted and unexhausted claims.  See, Rhines v. Weber, 125 S.Ct. 1528 (2005); Phillips v. DiGuglielmo, Civil Action No. 05-3476, 2005 WL 2562775 (E.D. Pa. 2005).  To the extent the Letter could be construed as presenting a constitutional claim based on the alleged violation of the plea agreement, it presents a single claim, not a "mixed" petition.  This Court is not at liberty to hypothesize whether Petitioner might seek to assert other, exhausted, claims in some future habeas petition.  See Anderson, 82 Fed.Appx. at 749-50.  Accordingly, the Rhines stay-and-abeyance procedure is not applicable.

Finally, it appears that the Petition is time-barred.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

The Supreme Court of New Jersey denied certification in Petitioner's direct appeal on June 6, 2001.  State v. Morris, 169 N.J. 604 (2001).  Petitioner's conviction became final 90 days later, on September 4, 2001, when the time for filing a petition

for writ of certiorari in the Supreme Court expired.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Petitioner filed his first state petition for post-conviction relief in May, 2002, see State v. Morris, 2007 WL 1342141, *2 (N.J. Super. App. Div. May 9, 2007), at least 239 days later, (assuming a May 1, 2002, filing date), triggering the statutory tolling provision.  The Supreme Court of New Jersey denied certification in his appeal of that matter on September 20, 2007, ending tolling as of that date.  State v. Morris, 192 N.J. 481 (2007).

This Letter is dated June 26, 2008, 279 days after tolling ended.  All told, excluding time encompassed by the statutory tolling provision, this Letter was filed 518 days after Petitioner's conviction became final, well beyond the one-year limitations period.

Accordingly, there does not appear to be any basis upon which to stay this matter, or upon which to issue a notice pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

II.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.

                              s/ Jerome B. Simandle
                              Jerome B. Simandle
                              United States District Judge

Dated:  **September 9, 2008**

7